In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-2299

JAY J. SCHINDLER,

*Plaintiff-Appellant,*

v.

JOSEPH C. SEILER and
SYNTHES SPINE COMPANY, L.P.,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05 C 521—**Barbara B. Crabb**, *Chief Judge.*

———————

ARGUED NOVEMBER 29, 2006—DECIDED FEBRUARY 5, 2007

———————

Before BAUER, CUDAHY, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* Dr. Jay J. Schindler appeals
the entry of summary judgment in favor of Joseph Seiler
and Seiler's employer, Synthes Spine Company, L.P.
("Synthes"). Dr. Schindler brought this diversity action,
alleging that Seiler had defamed him by informing a
third party, Dr. Kerry White, that Dr. Schindler was a
"bad doctor" who had "paralyzed four patients." Both
Seiler and Dr. White deny that Seiler made these state-
ments.

The sole evidence offered by Dr. Schindler to prove that
these statements were made was his own testimony that

Dr. White had said to him, "Joe Seiler is downstairs right now and just told me that you paralyzed four patients." The district court ruled that Dr. Schindler's testimony about what Dr. White had said to him was inadmissable hearsay and granted summary judgment in favor of the defendants. We affirm.

## I. Analysis

Because the district court's decision to grant summary judgment is premised on its evidentiary finding, a combined standard of review is appropriate. *Corder v. Lucent Technologies Inc.*, 162 F.3d 924, 927 (7th Cir. 1998). "We review a district court's decision that a particular hearsay statement is not admissible under an abuse of discretion standard." *United States v. Hall*, 165 F.3d 1095, 1108 (7th Cir. 1999). However, we review the district court's grant of summary judgment *de novo* and consider all evidence in the light most favorable to the nonmoving party. *Sartor v. Spherion Corp.*, 388 F.3d 275, 277-78 (7th Cir. 2004). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In order to defeat a motion for summary judgment, a plaintiff must present admissible evidence that raises a genuine issue of material fact. *Rogers v. City of Chicago*, 320 F.3d 748, 751 (7th Cir. 2003).

As a federal court sitting in diversity, we apply Wisconsin state law to resolve substantive questions and federal law to resolve evidentiary issues. *Bevolo v. Carter*, 447 F.3d 979, 982 (7th Cir. 2006). Under Wisconsin state law, an action for defamation has three elements: (1) the statement must be false; (2) the statement must be communicated by speech, conduct or in writing to a per-

son other than the person defamed; and (3) the communication must be unprivileged and tend to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (Wis. 1997). In an action for slander, "the particular words complained of shall be set forth in the complaint." Wis. Stat. § 802.03(6). Thus, to prove his claim of defamation against Seiler and Synthes, Dr. Schindler must offer evidence that Seiler said to Dr. White that Dr. Schindler is a "bad doctor" who had "paralyzed four patients." Because Dr. Schindler offered no admissible evidence that Seiler made these statements to Dr. White, the district court properly granted the defendants' motion for summary judgment.

In his appeal, Dr. Schindler first argues that the district court erred in excluding as inadmissible hearsay his testimony that Dr. White told him that "Joe Seiler is downstairs right now and just told me that you paralyzed four patients." Hearsay is an out-of-court statement that is offered to prove the truth of the matter asserted, FED. R. EVID. 801(c), and, generally, is inadmissible. *See* FED. R. EVID. 802. Dr. Schindler contends that the district court erred because his testimony is not being offered to prove the truth of the matter asserted, *i.e.*, that Dr. Schindler paralyzed four patients, but rather to prove that the defamatory statements were made.

Statements that constitute verbal acts (e.g., words of contract or slander) are not hearsay because they are not offered for their truth. *See* FED. R. EVID. 801(c) Advisory Committee Notes (noting that the Rule 801(c) excludes from the definition of hearsay "'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights."). Similarly, a statement

offered to show its effect on the person who heard the statement is not hearsay. *See United States v. Robinzine*, 80 F.3d 246, 252 (7th Cir. 1996) (ruling that words offered to show why a witness recanted her testimony are not hearsay where the words are offered to show how they affected the witness).

Where a plaintiff attempts to introduce the testimony of an individual who did not personally witness the alleged defamatory statement but was later told by another that the statement was made, such testimony is rejected as hearsay. *See Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 533 (7th Cir. 2003); *Bularz v. Prudential Insurance Company Of America*, 93 F.3d 372, 377-78 (7th Cir. 1996). This is precisely what Dr. Schindler is attempting to do through his own testimony.

Seiler testified during his deposition that he had informed Dr. White that he had overhead others making derogatory remarks about Dr. Schindler. Seiler denied, however, that he relayed any specific details of the derogatory statements to Dr. White. Likewise, Dr. White testified that Seiler had not told him that Dr. Schindler had paralyzed four patients or that Dr. Schindler was a bad doctor. Had *Dr. White* testified to the contrary, that Seiler had said to him that Dr. Schindler was a "bad doctor" who had "paralyzed four patients," Dr. White's testimony would be admissible. Dr. Schindler, however, has failed to present testimony from any individual who personally heard Seiler make the defamatory statements. And Dr. Schindler's own testimony as to what Dr. White said to him is offered precisely to prove the ultimate fact in question and the truth of the matter asserted therein: Seiler said to Dr. White that Dr. Schindler was a "bad doctor" who had "paralyzed four patients." Dr. Schindler has not asserted any other non-hearsay purpose for offering his testimony. The district court properly excluded such evidence as inadmissible hearsay.

Alternatively, Dr. Schindler argues that even if his testimony is hearsay, it is admissible under either the present sense impression exception to the general rule barring hearsay, FED. R. EVID. 803(1), or the unavailable witness exception, FED. R. EVID. 804(a)(3). Neither exception is applicable here.

Under Rule 803(1), hearsay is admissible as a present sense impression if the "statement describing or explaining an event or condition [was] made while the declarant was perceiving the event or condition, or immediately thereafter." There are three criteria for the admission of statements under Rule 803(1): "(1) the statement must describe an event or condition without calculated narration; (2) the speaker must have personally perceived the event or condition described; and (3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter." *United States v. Ruiz*, 249 F.3d 643, 646 (7th Cir. 2001). "A declarant who deliberates about what to say or provides statements for a particular reason creates the possibility that the statements are not contemporaneous, and, more likely, are calculated interpretations of events rather than near simultaneous perceptions." *United States v. Woods*, 301 F.3d 556, 562 (7th Cir. 2002).

Dr. White testified that he told Dr. Schindler "that Mr. Seiler had brought to my attention that disparaging and derogatory comments were being made at institutions outside of Eau Claire." He also testified that he told Dr. Schindler about the derogatory comments because he was concerned about their impact on Dr. Schindler and his reputation. Additionally, Dr. Schindler claims that Dr. White testified that he *immediately* went to Dr. Schindler after hearing Seiler's defamatory statement. This claim is untrue. Although Dr. White testified that he conveyed the information that he had received from Seiler to Dr. Schindler, he never testified that he did

so immediately after speaking with Seiler. Dr. Schindler relies on his own testimony—that Dr. White told him, "Joe Seiler is downstairs right now and *just told me* that you paralyzed four patients"—to prove the immediacy of Dr. White's statement. Because Dr. White's statement to Dr. Schindler was a calculated narration, made for a specific reason, and Dr. Schindler has failed to present admissible evidence of the statement's immediacy, the present sense impression exception to the hearsay rule does not apply.

Dr. Schindler's final argument is that Dr. White is an unavailable witness under Rule 804(a)(3), and therefore, his own testimony is admissible as evidence of his recollection of Dr. White's conversation with him. Under Rule 804(a)(3), a declarant is unavailable if he or she "testifies to a lack of memory of the subject matter of the declarant's statement." Dr. Schindler's argument fails for two reasons. First, Dr. White is not an unavailable witness: he testified that Seiler did not tell him that Dr. Schindler "had paralyzed patients" or was a "bad doctor." Second, Dr. Schindler's statement of what Dr. White allegedly told him does not fit into any of the categories outlined in FED. R. EVID. 804(b), which lists the types of statements that are not excluded by the hearsay rule when the declarant is unavailable.

Because Dr. Schindler's testimony is hearsay that is not subject to any exception to the general rule prohibiting such statements from being received into evidence, we find that Dr. Schindler is unable to meet his burden of proving that Seiler communicated to Dr. White that Dr. Schindler was a "bad doctor" who had "paralyzed four patients." Summary judgment in favor of the defendants was therefore appropriate.

## II.  Conclusion

For the reasons stated above, we AFFIRM the district court's grant of summary judgment.

A true Copy:

      Teste:

                _____
                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*