NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 16, 2009[*]
Decided September 16, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3639

| | |
|---|---|
| ADAM HOLM and DANIEL HOLM, | Appeal from the United States District |
| *Plaintiffs-Appellants*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 3910 |
| VILLAGE OF COAL CITY, et. al, | |
| *Defendants-Appellees*. | Wayne R. Andersen, *Judge*. |

**O R D E R**

This case involves the repeated run-ins of a father and son with local police over a motorized scooter, resulting in multiple citations and an arrest for obstruction of a peace officer. Following these events, Adam Holm and his teenage son Daniel sued the Village of Coal City, Illinois, and several local police officers, claiming that these defendants had conspired to violate their constitutional rights, used excessive force while arresting Adam,

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

and illegally seized their scooter.  The district court granted summary judgment for the defendants and we affirm.

One evening in July 2005, a Coal City police officer pulled Adam over for a routine traffic stop.  The officer knew that Adam had an outstanding criminal complaint against him stemming from his refusal to accept two citations that Coal City police officers had issued to him and Daniel, following Daniel's repeated misuse of a motorized scooter (riding without a license and riding in the road).  After he was stopped, Adam promptly called family friends, who soon arrived and parked their car across the street.  A second officer arrived to assist in the arrest, and together, the officers handcuffed Adam, forcefully took him by the elbow, and twice pushed him toward the police car.

Three weeks later a Coal City police officer again observed Daniel riding a motorized scooter on the road without a driver's license.  He therefore impounded the scooter, cited Daniel for riding without a license, and cited Adam, as the scooter's owner, for permitting an unauthorized person to drive the vehicle.  Both citations, however, were later dismissed.

The Holms then filed this suit under 42 U.S.C. § 1983, asserting a wide variety of civil rights claims, and the defendants moved to dismiss the complaint for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6).  The court dismissed several of the Holms' claims, ranging from an alleged violation of substantive due process to illegal seizure of the Holms' car.  Following the close of discovery, the court ultimately granted summary judgment for the defendants on the Holms' remaining claims.  Regarding Adam's claim of excessive force, the court concluded that the officers' use of force was objectively reasonable in light of Adam's actions and, in any event, he had presented no evidence of a resulting injury.  As for the Holms' claims of false arrest and illegal seizure of the scooter, the court found that the officers' actions in each instance were supported by probable cause.  As for the Holms' claim that the scooter's impoundment violated their equal protection rights under a class-of-one theory, the court determined that they failed to identify anyone similarly situated to them who was treated differently.  And finally, regarding the Holms' claims of conspiracy and municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the court rejected these as a matter of law because the Holms had not established any constitutional violations.

On appeal the Holms contend that the district court ignored their version of events and overlooked unresolved issues of fact regarding their claims of excessive force, illegal seizure, equal protection, conspiracy, and municipal liability.  To survive summary judgment, they had to present sufficient evidence of a genuine issue of material fact to counter the defendants' assertions that they are entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *Keri v. Bd. of Trs. of*

*Purdue Univ.*, 458 F.3d 620, 627-28 (7th Cir. 2006).  And, as the non-moving party, the Holms could no longer rest on the allegations contained in their pleadings but were required to come forward with specific evidence to establish a genuine issue for trial.  *See Keri*, 458 F.3d at 628.

Adam Holm first challenges the district court's ruling on his excessive force claim, taking issue with the court's finding that he escalated the situation by calling additional people to the scene, repeatedly yelling to them, and pausing on his way to the police car. He contends that he remained calm and cooperative, yelled only out of pain, and did not intentionally stop.  Adam's characterization of the facts, however, is inconsistent with the record evidence, and, as our review of the undisputed facts shows, the officers' use of force was objectively reasonable.  An officer's right to arrest an individual includes the right to use some degree of physical force, but as the Fourth Amendment requires, that force must be objectively reasonable in light of the facts and circumstances of the particular situation. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009).  Here, Adam's own deposition testimony shows that as he was escorted to the police car, he repeatedly yelled across the street to his friends, complained to the officers, and took a short pause.  To guide him to the car, the officers "yanked" his arm, and issued two quick pushes to his back, and as Adam later testified, it was as if the officer was trying to "keep me going . . . trying to hurry me up."  In light of these circumstances, the officers' efforts to physically "hurry" him to the car, were not unreasonable.

Adam also takes issue with the court's statement that he presented no evidence of an injury, pointing to hospital records from a visit shortly after his arrest and his deposition testimony that he experienced pain for several months in his right rotator cuff and upper back and neck and continues to have pain in his right arm.  As for the records Adam relies upon to show that he was injured by the officers' actions, we question their usefulness given that they document his visit to the emergency room following a subsequent car accident and contain inadmissible hearsay.  *See Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007).  But regardless, Adam had to do more than point to an injury or its seriousness; he had to "also 'identify the specific unreasonable conduct that caused his or her injuries,'" *Stainback*, 569 F.3d at 772-73 n.7 (quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 770-71 (7th Cir. 2005)), and this he has not done.

Next the Holms challenge the district court's conclusion that the defendants' impoundment of the scooter was supported by probable cause and thus did not violate the Fourth Amendment's prohibition against unreasonable interferences with property.  *See Lee v. City of Chi.*, 330 F.3d 456, 460 (7th Cir. 2003).  Noting that the scooter citations were later dismissed, the Holms contend that the officer impounded the scooter without justification. They further argue that the provision of the Illinois Motor Vehicle Code regulating the

operation of "motorized pedalcycles," 625 ILL. COMP. STAT. 5/11-1403.1, was not yet in effect and therefore, they contend, Daniel could not have broken any law at the time.

The officer's impoundment of the scooter did not violate the Fourth Amendment. An impoundment is permissible so long as it is supported by probable cause or is "consistent with the police role as 'caretaker' of the streets," *United States v. Duguay*, 93 F.3d 346, 352 (7th Cir. 1996). Although the citations were later dismissed, the officer's uncontested testimony was that he stopped Daniel because he believed that Daniel was violating the general statutory prohibition against driving a motorized vehicle without a license, *see* 625 ILL. COMP. STAT. 5/6-101. Moreover, where, as here, there was no licensed driver available to remove the vehicle from the public roadway, an officer is authorized to remove it as part of his "community care-taking function." *See South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976); *Duguay*, 93 F.3d at 354 n.2 ("Impoundment may be appropriate where no passenger has a valid license."); *United States v. Griffin*, 729 F.2d 475, 480 (7th Cir. 1984); *see also Davis v. Novy*, 433 F.3d 926, 930 (7th Cir. 2006) (noting that "the Illinois Vehicle Code directs that a driver who is lacking both license and insurance 'shall have his or her motor vehicle immediately impounded by the arresting law enforcement officer.' 625 ILCS 5/6-101(d).").

The Holms also contest the district court's determination that the impoundment of the scooter did not violate their equal protection rights under a "class-of-one" theory. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008). Under that theory, the Holms had to show (1) that they were intentionally treated differently from others similarly situated, and (2) that there is no rational basis for that differential treatment, or that the cause of the differential treatment is the defendants' illegitimate animus toward them. *See McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). The Holms insist that they identified a similarly situated individual who was treated differently—Samantha Cerda, who was also riding a motorized scooter when the officer stopped Daniel. But Cerda was not similarly situated because she was not "*prima facie* identical in all relevant respects." *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002). Unlike Daniel, Cerda had not already received multiple warnings about driving the scooter in the road or been previously cited for such actions. *See Levenstein v. Salafsky*, 414 F.3d 767, 776 (7th Cir. 2005) (rejecting claim by suspended employee for failing to show that other employees also accused of sexual harassment but who were not suspended or investigated were identical in all relevant respects).

Finally, the Holms argue that by ignoring their evidence purporting to show that the defendants violated their constitutional rights, the district court compounded its error by rejecting their claims of conspiracy and municipal liability. But as the Holms acknowledge,

a showing of a constitutional violation is needed to recover on either a *Monell* claim for municipal liability or a § 1983 claim of conspiracy.  *See Reynolds v. Jamison*, 488 F.3d 756, 764 & n.4 (7th Cir. 2007); *Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006).  And they have not successfully established that any constitutional violation occurred.

Accordingly, we AFFIRM the decision of the district court.