**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010[*]
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-4031

| | |
|---|---|
| JOSEPHINE JOYCE, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 05 C 6596 |
| J.C. PENNEY CORPORATION, INC. | |
|     *Defendant-Appellee.* | Harry D. Leinenweber, |
| | *Judge.* |

**O R D E R**

Josephine Joyce sued J.C. Penney in Illinois state court for negligently injuring her in a retail store. J.C. Penney removed the suit to federal court, *see* 28 U.S.C. § 1446, where the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

company won a partial summary judgment that excluded from the case most of Joyce's asserted injuries. To obtain review of that ruling, Joyce then voluntarily moved to dismiss with prejudice the remainder of her case. *See* FED. R. CIV. P. 41(a)(2). We affirm the judgment.

We first determine whether we have appellate jurisdiction. When a plaintiff voluntarily forgoes with prejudice the remainder of a case to secure immediate appellate review of a contested and otherwise interlocutory ruling, the proceedings in the district court are finished. And here, because those proceedings are over, appellate jurisdiction is secure. *See McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 843 (7th Cir. 2009); *Ash v. Wallenmeyer*, 879 F.2d 272, 273-74 (7th Cir. 1989). We turn, then, to the merits.

Joyce claims that in November 2003 an employee at one of J.C. Penney's stores negligently rammed a rolling display rack into her ankle, causing her to twist and fall. Joyce continued shopping, but sought treatment the next day for pain in her left leg and back. Doctors observed tenderness in her lower back and a possible sprain to her foot or ankle, but concluded that the pain in her leg was "not anatomically related" to her foot or ankle injury. By the time she sued, Joyce attributed several other medical conditions to the collision. These included a cyst behind her left knee, a viral infection in her left eye, and the aggravation of many preexisting conditions, such as: an injured sciatic nerve and other lower-back and leg injuries (from a car accident and another fall years earlier), bulging discs in her spine, a degenerative spinal disease, arthritis, anxiety, and possible depression (all diagnosed before the store accident). For her alleged injuries, she sought three million dollars in damages. No expert was willing to testify to a reasonable degree of medical certainty that the collision at the store had caused or exacerbated any of Joyce's injuries or conditions, except for some pain in her back and left ankle.

Both parties moved for summary judgment. In granting J.C. Penney's motion in part, the district court noted that Joyce could point to no medical evidence linking her cyst, viral infection, depression, or arthritis to the collision at the store. As for Joyce's other back, neck, and leg conditions (such as her bulging discs, spinal disease, and injured sciatic nerve), the district court observed that no medical expert was willing to attest to more than a mere possibility that these were caused or aggravated by the clothes-rack crash. Thus, the district court ruled, no reasonable jury could find that she had established causation under Illinois law, which requires "reasonable certainty," and not just a chance, that J.C. Penney caused these injuries. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 640 n.1 (7th Cir. 2008); *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1072 (Ill. 1999). Only the evidence of the back and ankle pain that followed the store accident, the district court concluded, required a trial.

On appeal Joyce argues that under Illinois law her lay opinion and her medical experts' opinions about the mere possibility of causation were enough to defeat summary judgment. Under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), federal courts in diversity cases like this one apply state substantive law on the requirement of causation, but follow the federal law of evidence, *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007). Here, Joyce's evidence would not permit a reasonable jury to conclude that the collision in the store caused or aggravated any of the maladies that the district court said were unrelated to the collision. First, Joyce did not produce any competent evidence that the collision caused her cyst, viral infection, depression, or arthritis. Her lay views about the origins of these medically complex problems do not suffice. *See United States v. York*, 572 F.3d 415, 420 (7th Cir. 2009) ("Opinions or inferences based on 'scientific, technical, or other specialized knowledge within the scope of Rule 702' are not admissible as lay testimony under Fed. R. Evid. 701."). Second, although some of Joyce's doctors were unwilling to rule out the possibility that the collision worsened her earlier back, neck, and leg injuries, speculation about causation will not defeat summary judgment. *See Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) (Illinois law); *Zimmer v. Celotex Corp.*, 549 N.E.2d 881, 883 (Ill. App. Ct. 1989); *Lindenmier v. City of Rockford*, 508 N.E.2d 1201, 1207 (Ill. App. Ct. 1987). The only competent evidence that Joyce presented was that the collision created additional back and ankle pain, but Joyce chose to abandon a trial to recover damages for only that pain.

Accordingly, we AFFIRM the judgment of the district court.